**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| CHARLES A. WILLIAMS, )<br>　　　　Plaintiff, ) | |
| vs. ) | No. 3:16-CV-3064-M-BH |
| ) | |
| STATE OF TEXAS, CARLOS CASCOS, )<br>SECRETARY OF STATE, ) | |
| 　　　　Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED with prejudice**.

**I. BACKGROUND**

Charles A. Williams (Plaintiff), an inmate in a Texas Civil Commitment Center, sues the State of Texas and the Secretary of State, Carlos Cascos, in his official and individual capacities, under 42 U.S.C. § 1983 for cruel and unusual punishment and a violation of his due process rights. (doc. 3 at 2.)[1] He contends that he suffers from a mental infirmity and has been civilly committed for seven years but has received minimal and inadequate sex offender treatment.[2] (*Id*. at 2-3.) Plaintiff seeks $500,000 in damages or release from civil commitment. (*Id.* at 4.) No process has been issued in this case.

---

[1] Citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Plaintiff was committed as a sexually violent predator by order entered on August 5, 2009, in Cause No. 08–11–10820–CV, in the 435th Judicial District Court of Montgomery County, Texas. *See Williams v. State*, No. 05-15-00337-CR, 2016 WL 1253490, at *1 (Tex. App. – Dallas 2016). His prior federal challenge to his commitment on grounds that he has not been released from custody even though his conviction and sentence for violating his civil commitment order were vacated remains pending, but dismissal of that case has been recommended. *See Williams v. Livingston*, No. 3:16-CV-1684-G (N.D. Tex.)*,* doc. 12.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. Because he is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III. SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983. It "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the

2

Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a § 1983 claim, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

### A.    Eleventh Amendment Immunity

An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff's suit against the Secretary of State in his official capacity is a suit against the State of Texas.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

(1989). The State of Texas and the Secretary of State in his official capacity have Eleventh Amendment immunity. *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).

**B.     Respondeat Superior Liability**

Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or respondeat superior liability. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005). In order to prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id.* A plaintiff cannot make generalized allegations. *Howard v. Fortenberry,* 723 F.2d 1206 (5th Cir.1984).

Plaintiff does not allege that the Secretary of State was personally involved in, or even knew of, any action against him. His claim against him is based solely on the Secretary of State's official position. Because he fails to allege facts showing personal involvement in the denial of his constitutional rights, Plaintiff fails to state a plausible claim against him in his individual capacity.

### IV.  RECOMMENDATION

Plaintiff's claims should be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within

4

the meaning 28 U.S.C. § 1915(g).[3]

**SO RECOMMENDED this 3rd day of November, 2016.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.